UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH KASCHYK,

    Plaintiff,

v.                                CASE No. 8:08-CV-1818-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.* Because the decision of the Commissioner of Social Security fails adequately to evaluate the plaintiff's complaints of fatigue, the decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was forty-seven years old at the time of the administrative hearing and who has a college education in marketing and management, has worked as a leasing associate and manager (Tr. 62, 485).

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

The plaintiff filed a claim for Social Security disability benefits, alleging that she became disabled due to stroke, lupus, cerebral vasculitis, and anxiety attacks (Tr. 61). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffered from a combination of the following severe impairments (Tr. 22): "history of systemic lupus erythematosus (SLE); cerebral vasculitis; gastroesophageal reflux disease (GERD); chronic headaches; fatigue; valvular heart disease; osteoprosis/osteopenia[sic]; history of colon cancer-excised/ polypectomy" (id.). He concluded that, due to these impairments, the plaintiff had the following residual functional capacity (Tr. 24):

> [T]he claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday, with pushing and pulling unlimited. The claimant is precluded from more than occasional climbing, balancing, stooping, kneeling, crouching and crawling secondary to complaints of muscle weakness, fatigue, and joint problems.

The law judge found that these restrictions did not prevent the plaintiff from returning to past work as a real estate agent and property manager (Tr. 27).

Consequently, the law judge ruled that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. First, the plaintiff argues that the law judge erred when he did not give substantial weight to the opinion of her treating physician, Dr. Joel C. Silverfield (Doc. 21, pp. 6-8). Second, she contends that the law judge did not properly evaluate plaintiff's allegations of fatigue in his decision (id., p. 10). The latter argument has merit and warrants a reversal.

In her meritorious argument, the plaintiff challenges the law judge's credibility determination. She asserts that the law judge failed to evaluate, and explain, his decision about her subjective complaints of fatigue. Specifically, the plaintiff argues the law judge failed to explain why he discredited the following testimony that the plaintiff gave at the hearing (Tr. 485-86):

> Q. Okay. Now, we're here to determine what your medical problems are that prevent you

> from continuing from working on a full-time regular basis, and I'd like to focus in on what the medicals [sic] record talks about, your systemic lupus cerebritis. Boy that's a mouthful. Just what are the symptoms of it, and how does it affect you?
>
> A. It's an autoimmune disease that attacks my bodily functions, and it causes muscle weakness, arthritic symptoms or soreness and joint problems, and extreme fatigue where I have weakness and extreme tiredness.

She said further (id):

> [M]y stamina of being able to do anything decreased significantly where I had limited amounts of time that I was able to function during the day without having fatigue occur.

She testified also that she usually rests a couple of hours during the day (Tr. 490).

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that

condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

As indicated, the plaintiff's challenge to the law judge's credibility determination focuses upon the plaintiff's complaints of fatigue (Doc. 21, pp. 9-11). The law judge, however, did not overlook those complaints. To the contrary, he found that fatigue was one of the plaintiff's severe impairments (Tr. 22). Moreover, in his determination of the plaintiff's residual functional capacity, he found that the plaintiff was "precluded from more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling secondary to complaints of muscle weakness, fatigue, and joint problems" (Tr. 24). These findings, however, did not adequately explain on what basis the law judge concluded, despite the plaintiff's severe impairment

of fatigue, she could perform work that requires her to stand or walk about six hours in an eight-hour day (id.).

Not only did the plaintiff testify to problems with fatigue, but she also stated that she could only walk for about five or ten minutes, and stand for about an hour (Tr. 491). These alleged limitations were not addressed at all by the law judge in his credibility determination. The law judge's credibility determination was limited to the following (Tr. 26):

> In conclusion, while the claimant had persistent complaints of headaches, Dr. Bass reported on June 11, 2007, that the headaches do not seem to be that much of a problem. Claimant had also complained of vision problems; however, retinal examination was normal. She then complains of chest pains and a treadmill nuclear stress test done on July 25, 2007 was normal and ECHO done in 2006 showed a normal ejection fraction of 70 percent. While claimant has a multitude of complaints, physical examinations are basically benign. Premised upon the above information, it is clear that the claimant has a tendency to embellish her complaints of subjective pain.

The credibility determination did not include any mention of fatigue. That deficiency is arguably ameliorated by the law judge's finding that the plaintiff has a severe impairment of fatigue. But the decision leaves

unexplained how a person with a severe impairment of fatigue could perform a job that requires six hours of standing and walking.

Furthermore, the plaintiff testified that she is limited in walking and standing and that she takes rest periods during the day. The law judge did not address this testimony either. If the law judge found these subjective restrictions not credible, he must provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556-57 (11th Cir. 1987). In other words, this credibility finding must be adequately explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988). These principles are also reflected in Social Security Ruling 96-7p, 1996 WL 374186 at *4 (S.S.A.), which provides:

> The ... decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and

fair review of his or her claim, and in order to
ensure a well-reasoned ... decision.

These requirements have not been satisfied with respect to the complaints of fatigue. The law judge's failure to explain his treatment of that problem, particularly as it relates to the plaintiff's ability to walk and stand, warrants reversal.

The plaintiff's other argument is that the law judge did not give proper weight to the opinion of the treating physician (Doc. 21, p. 8). In the alternative, the plaintiff asserts that the law judge "should have re-contacted Dr. Silverfield for clarification of his opinion" (id.). This argument is not persuasive.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff predicates this challenge on the law judge's handling of opinions by Dr. Silverfield. Significantly, these opinions are on a conclusory Medical Assessment Questionnaire form (Tr. 295-300). The law judge found (Tr. 26) (emphasis in original):

> This form was submitted to the doctor by the claimant's representative and the doctor's findings are conclusory and without explanation as to why such exaggerated limitations. In addition, these are not accompanied by an objective evaluation or examination report or by objective findings that would support this assessment. Dr. Silverfield's "assessments" seem to be based on the claimant's self-serving subjective complaints and not on objective examinations. The objective findings shown on radiographic studies and on physical examinations of record so[sic] not account for the extreme limitations alleged by claimant and indicated in this residual functional capacity. For example, Dr. Silverfield opined that claimant was suffering from depression and was incapable of even "low stress jobs." However, the consulting psychological examiner reported on August 25, 2005, that claimant <u>denied depression</u> .... Further, Dr. Silverfield opined that claimant could sit less than two hours in an eight-hour workday and the claimant testified that she had no problem sitting.

These reasons amply support the law judge's determination to discount Dr. Silverfield's opinion. In particular, the law judge's comments regarding Dr. Silverfield's opinions of the plaintiff's inability to perform low stress jobs or

to sit for two hours are a reasonable basis for concluding that Dr. Silverfield's limitations are "exaggerated."

Furthermore, there is no merit to the plaintiff's contention that the law judge should have recontacted Dr. Silverfield pursuant to 20 C.F.R. 404.1512(e). Under that regulation, the basic principle for recontacting the physician is that the evidence received is inadequate for a disability determination. Generally, it is only necessary to recontact a physician if there are gaps in the record. See Gallina v. Commissioner of Social Security, 202 Fed. Appx. 387, 389 (11th Cir. 2006)(unpub. dec.); Johnson v. Barnhart, 138 Fed. Appx. 186, 189 (11th Cir. 2005)(unpub. dec.). The law judge's decision shows that he obviously did not think that the record was inadequate for him to make a ruling. Moreover, as the Commissioner points out, the decision to discount Dr. Silverfield's opinions did not trigger a duty to recontact him (Doc. 22, p. 8).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter REMANDED for further proceedings.

The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 6th day of September, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE